# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

TROY FATH, HIGINIO BAUTISTA,
AND CHRISTOPHER HAMILTON,

Case No. 18-CV-1549 (NEB/LIB)

Plaintiffs,

v.

ORDER GRANTING PRELIMINARY
APPROVAL OF CLASS ACTION
SETTLEMENT

AMERICAN HONDA MOTOR CO.,
INC.,

Defendant.

This matter came before the Court on the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. [ECF No. 72 (the "Motion").] Troy Fath, Higinio Bautista, and Christopher Hamilton (collectively, the "Named Plaintiffs") have sued American Honda Motor Co., Inc. ("Honda") on behalf of a putative class in the above-captioned litigation (the "Litigation"). The Named Plaintiffs and Honda have agreed on a putative settlement class, and now the Named Plaintiffs seek preliminary approval of the Class Action Settlement Agreement and Release dated July 22, 2019 and its attached exhibits. [ECF No. 75-1 (collectively, the "Settlement Agreement")].[1] For the reasons stated below, the Court GRANTS the Motion.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

# BACKGROUND

In November 2018, the Court ordered the consolidation of two putative class actions alleging a latent fuel dilution defect in the engines of certain Honda vehicles. [*See* ECF No. 42.] The Court also appointed interim class counsel. (*See id.*)

The parties have since negotiated a proposed class action settlement. On August 15, 2019, the Named Plaintiffs filed their first amended consolidated class action complaint [ECF No. 71 (the "FAC")] and moved for preliminary approval of the Settlement Agreement that, among other things, provides for the release of claims relating to or arising out of the alleged latent oil dilution defect.

## A.     *Summary of the Allegations in the FAC*

According to the FAC, Honda failed to disclose to the Named Plaintiffs and members of the putative class that the Class Vehicles[2] are predisposed to an engine defect that causes dilution of engine oil. (*See* FAC ¶¶ 1–2.)[3] Once the defect manifests, the internal engine components that rely on lubrication experience rapid wear. (*See id.* ¶ 3.) Honda has long been aware of this latent defect but has been unable to adequately repair the Class Vehicles when the defect manifests. (*See id.* ¶ 5.) It has not issued a recall, offered suitable repairs, or offered to reimburse customers for out-of-pocket repair expenses. (*See*

---

[2] The "Class Vehicles" are model years 2017-2018 Honda CR-V and 2016-2018 Honda Civic vehicles equipped with "Earth Dreams" 1.5 L turbocharged engines.
[3] The parties have agreed that certain individuals, such as officers, employees, or directors of Honda, are excluded from the putative settlement class. (*See* Settlement Agreement ¶ 2.2.)

*id.* ¶ 8.) The Named Plaintiffs and members of their putative class would not have purchased any of the Class Vehicles had they known about the defect and have incurred costs paying for related repairs. (*See id.* ¶¶ 9–11.) The FAC asserts causes of action under certain state consumer protection statutes and various common law theories. (*See id.* ¶¶ 99–184.)

### B.     *Summary of the Settlement Agreement*

The Settlement Agreement provides that Honda agrees to put certain measures in place in exchange for Named Plaintiffs' promise to seek dismissal of this case. (*See* Settlement Agreement ¶ 3.1.) Among other things, Honda agrees to: (1) extend the existing Powertrain Limited Warranty an additional year (*see id.* ¶¶ 3.2–3.4); (2) reimburse certain towing expenses incurred before the date by which Honda completes serving notice on the putative settlement class members (the "Notice Date") (*see id.* ¶¶ 1.14, 3.5–3.4); (3) reimburse certain oil change costs incurred before the Notice Date (*see id.* ¶¶ 3.7–3.8); (4) reimburse up to $250 of certain diagnostic costs incurred before the Notice Date (*see id.* ¶¶ 3.9–3.10); (5) provide a Product Update to Class Vehicles registered in certain cold-weather states so that they receive software updates that will reduce the likelihood that the defect manifests (*see id.* ¶ 3.11, ECF No. 74 at 6.).

In addition, under the Settlement Agreement, Honda is the Settlement Administrator, meaning it will administer certain components of the settlement and bear any associated costs. (*See id.* ¶ 3.12.) In that role, among other things, Honda agrees to

process claims for reimbursement and provide notice to putative settlement class members of the terms of the settlement. (*See id.*) In particular, Honda agrees to send members of the proposed settlement class an agreed-upon notice that describes this litigation, their legal rights, the settlement terms, and the claims processing procedure. (*See id.* ¶¶1.14, 3.12; Ex. B.) Under the Settlement Agreement, the method of providing notice is by first-class mail and establishment of a website. Pursuant to the Settlement Agreement, Honda will mail each putative settlement class member the agreed-upon Notice and Claim Form by first-class mail and also create and maintain a website that will make these documents, as well as others related to the settlement, available for download. (*See id.* ¶¶ 3.12, 4.2.)

## DISCUSSION

To determine whether approval on a preliminary basis is appropriate, a district court considers whether it will "likely be able to: (1) approve the proposal under Rule 23(e)(2); and (2) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1); *see also Swinton v. SquareTrade, Inc.*, No. 18-CV-144 (SMR/SBJ), 2019 WL 617791, at *5 (S.D. Iowa Feb. 14, 2019); *Famuliner v. Walmart Inc.*, No. 19-CV-60, 2019 WL 2566443, at *2 (W.D. Mo. June 21, 2019). "If these two elements are satisfied, the Court will consider whether the parties' proposed method of giving notice satisfies the requirements set out in Rule 23(c)(2)(B)." *Swinton*, 2019 WL 617791, at *5.

This standard comes from the December 2018 Amendments to the Federal Rules of Civil Procedure, including Rule 23(e). Advisory Committee Notes to the 2018 Amendments indicate that the process set forth in Rule 23(e) is meant to codify the preliminary approval process that was a matter of practice, but not rule. *See In re GSE Bonds Antitrust Litigation*, No. 19-CV-1704 (JSR), 2019 WL 5838960, at *1 (S.D.N.Y. Nov. 7, 2019) (noting that prior to the amendments, Rule 23 did not specify a standard for preliminary approval); *Swinton*, 2019 WL 617791, at *4 (noting that the process was meant to "codify the 'preliminary approval' process that is customary in class action settlements").

### A. The proposed settlement satisfies the Rule 23(e)(2) requirements.

Rule 23(e)(2) provides that "[i]f the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering" certain factors. Fed. R. Civ. P. 23(e)(2). And so, courts must consider: (1) whether "class representatives and class counsel have adequately represented the class," Fed. R. Civ. P. 23(e)(2)(A); (2) whether "the proposal was negotiated at arm's length," Fed. R. Civ. P. 23(e)(2)(B); (3) whether "the relief provided for the class is adequate," taking certain specified considerations into account, Fed. R. Civ. P. 23(e)(2)(C); and (4) whether "the proposal treats class members equitably relative to each other," Fed. R. Civ. P. 23(e)(2)(D). The Eighth Circuit has set forth its own largely overlapping test to ascertain the fairness and adequacy of a proposed settlement. *See*

*Swinton*, 2019 WL 617791 at *5. For the reasons stated below, the Court finds that the proposed settlement is likely to satisfy these requirements.

First, the Court is persuaded that the class representatives and class counsel have adequately represented the proposed settlement class. The Court is not aware of a conflict of interest or anything else that would render the Named Plaintiffs' representation of the proposed settlement class deficient. Upon review of the declarations submitted in this matter and their interactions with the Court, the Court also finds that Sauder Schelkopf LLC; Mazie Slater Katz & Freeman, LLC; Gustafson Gluek PLLC; and Migliaccio and Rathod LLP ("Class Counsel") are qualified, experienced, and able to conduct the litigation. Accordingly, the first factor weighs in favor of approving the proposed settlement on a preliminary basis.

Second, the Court finds that the proposed settlement was the result of arms-length negotiation. As noted above, it was negotiated between experienced, capable counsel knowledgeable in complex class action litigation. And an experienced, capable mediator was also involved. [*See* ECF No. 74 at 15 (representing "mediation was conducted by Bradley A. Winters, an experienced and respected JAMS mediator").] In these circumstances, the second factor weighs in favor of approving the proposed settlement on a preliminary basis. *See, e.g.*, *In re GSE Bonds Antitrust Litig.*, 2019 WL 5848960 at *2; *Stephens v. Farmers Rest. Grp.*, No. 17-CV-1087 (TJK), 2019 WL 2550674, at *6 (D.D.C. June 20, 2019).

Third, the Court finds that the proposed settlement provides adequate relief to the proposed settlement class members. Rule 23(e)(2)(C) instructs the Court to consider the following to determine whether the proposal provides adequate relief:

(i) the costs, risks, and delay of trial and appeal;
(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; [and]
(iii) the terms of any proposed award of attorney's fees, including timing of payment

Fed. R. Civ. P. 23(e)(2)(C).[4]

As noted above, the Settlement Agreement provides members of the proposed settlement class the opportunity to submit claims and be reimbursed by Honda for certain towing, oil change, and diagnostic costs incurred due to the manifestation of the oil dilution defect in the Class Vehicles. The Court acknowledges that historically few class members file claims in cases that use claims-making processes such as the one contemplated by the Settlement Agreement and that such distribution methods generally bring little benefit to class members. *See In re MyFord Touch Consumer Litig.*, 3:13-cv-03072-EMC, ECF No. 449 at 3 (N.D. Cal. June 14, 2018) (collecting cases); *see also* 4 Newberg § 12:17 ("The theoretical and empirical evidence suggest[s] that few class members file claims in most cases . . . ."). There is no indication that claims rates here would outpace

---

[4] Rule 23(e)(2)(C)(iv) requires courts to consider "any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C)(iv). Rule 23(e)(3) states that parties must identify "any agreement made in connection with the proposal." Fed. R. Civ. P. (e)(3). The Court is not aware of any agreement other than the Settlement Agreement that has been "made in connection with" the proposed settlement.

low claims rates in similar cases. But the additional year of Powertrain Limited Warranty that Honda agrees to make available to all members of the proposed settlement class would provide additional value to the class, as would the Product Update that Honda would provide to Vehicles registered in cold-weather states.

And while Class Counsel maintains that the Named Plaintiffs' legal positions are strong, they recognize the inherent risks and costs of continuing to litigate further, particularly as Honda continues to disclaim liability. [*See* ECF No. 74 at 12.] Class Counsel acknowledges that consumer class actions generate complex legal issues that are heavily contested both throughout the country and within the Eighth Circuit. (*Id.*) In addition, proving liability and damages would require experts and extensive *Daubert* briefing. (*Id.*) The Court agrees that the risks of proceeding to trial are substantial. And the parties are likely to appeal any rulings issued on the complex legal issues implicated by this case, further increasing litigation costs and delaying the distribution of relief to members of the proposed settlement class.

Having analyzed the value of the settlement offer to members of the proposed class—paying particular attention to the effectiveness of the method of distributing relief and the costs, risks, and delay of trial and appeal—the Court is satisfied with the proposal for attorneys' fees vis-à-vis the settlement offer. Honda has agreed not to oppose Class Counsel's request for up to $850,000 in attorneys' fees and expenses. [ECF No. 74 at 6–7.] This sum would not be deducted from a finite settlement fund and therefore would not

deduct from any award to the proposed settlement class. (*See* Settlement Agreement ¶ 5.4.) Further, the Settlement Agreement provides that this sum will be paid out when an order and judgment approving the Settlement Agreement becomes final, *see* Settlement Agreement ¶¶ 1.7, 1.8 5.3, 5.4, and so the Court finds nothing problematic with "timing of payment," Fed. R. Civ. P. 23(e)(2)(C)(iii). Accordingly, the Court finds that the proposed settlement provides adequate relief to the members of the proposed settlement class. This factor therefore also weighs in favor of approving the proposed settlement on a preliminary basis.

Fourth, the Court finds that the "proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "There is no requirement that all class members in a settlement be treated *equally*." *Swinton*, 2019 WL 617791, at *8. Here, members of the proposed settlement class with Class Vehicles registered in 21 cold-weather states will receive Product Updates while members with Class Vehicles registered in other states will not. But Class Counsel represents that Class Vehicles in cold-weather states are more likely to manifest the oil dilution defect. [*See* ECF No. 74 at 6.] The Court therefore finds that this differing approach is fair because "[t]he settlement provides relief commensurate to the value of their respective" claims. *Id.* Thus, this factor also weighs in favor of approving the proposed settlement on a preliminary basis.

At this stage, the Court also finds the factors that Eighth Circuit courts traditionally use to assess whether the settlement is fair, reasonable, and adequate are

satisfied. These are: "the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). As noted in its discussion of the Rule 23(e)(2)(C)(i)–(iii) factors, it is the Court's view that the benefits of the proposed settlement weighed against the merits of the Named Plaintiffs' case as well as the complexity and further expense of further litigation support approval. The other two factors weigh neither for nor against settlement. Because there is no indication that Honda is financially incapable of either paying the settlement or continuing with this litigation, Honda's financial condition is neutral here. And it is premature to assess the weight of the amount of opposition to the settlement at this time, as notice has not been distributed. In these circumstances, the Eighth Circuit factors also weigh in favor of approving the settlement on a preliminary basis. *See, e.g.*, *Swinton*, 2019 WL 617791, at *9.

**B.      The Court is likely to certify the proposed class for purposes of settlement**

In order to preliminarily approve the settlement proposals, the Court must also find that it will *likely* be able to certify the class for purposes of judgment on the proposal. *In re GSE Bonds Antitrust Litig.*, 2019 WL 5848960, at *8. To make that finding, the Court must consider the requirements of Rule 23(a) and, because the Named Plaintiffs seek to certify a class under Rule 23(b)(3), the requirements of Rule 23(b)(3). *See id.*

*1.      The proposed settlement class likely meets the requirements of Rule 23(a)*

"Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349, (2011). It sets out four requirements: numerosity, commonality, typicality, and adequate representation. *Id.*

The Court finds that each of the Rule 23(a) requirements are likely met by the proposed settlement class here. The requirements of numerosity are likely satisfied, as the proposed class includes 820,000 Class Vehicles. *See, e.g.*, *Ark. Educ. Ass'n v. Bd. of Educ.*, 446 F.2d 763, 765–66 (8th Cir. 1971) (concluding class of twenty satisfied numerosity requirement). The requirements of commonality are also likely satisfied, as the resolution of various common questions of law and fact—such as whether the Class Vehicles are predisposed to exhibit oil dilution and subsequent costly wear and tear to their engines— would potentially resolve issues central to the claims asserted in the FAC. *See In re GSE Bonds Antitrust Litig.*, 2019 WL 5848960, at *9 (concluding commonality likely satisfied where "plaintiffs allege the same . . . injury stemming from the same . . . [conduct] by the same defendants"). The requirements of typicality are also likely satisfied, as it appears that the claims of the other members of the proposed settlement class are similar to those of Named Plaintiffs. *See Pollard v. Remington Arms Co., LLC*, 320 F.R.D. 198, 206 (W.D. Mo. 2017) (finding typicality satisfied where named plaintiffs' and other class members' claims "all maintain [d]efendants manufactured defective firearms, and as a result, they are entitled to an economic recovery."). Finally, it appears that the Named Plaintiffs will

fairly and adequately protect the interests of the class, because (1) there is no indication that the Named Plaintiffs' interests somehow conflict with those of other class members and (2) it appears that they will vigorously prosecute the interests of the other class members through qualified counsel. *See Swinton*, 2019 WL 617791, at *11 (finding representation adequate where named plaintiffs "share the same objectives, and their claims arise from the same general factual position" as other class members and where named plaintiffs were represented by experienced and accomplished litigators who had negotiated an adequate settlement). Accordingly, the Court concludes that the proposed settlement class likely satisfies the requirements of Rule 23(a).

2.     *The proposed settlement class likely meets the requirements of Rule 23(b)(3)*

"Before certifying a class under Rule 23(b)(3), a district court must find 'that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Stuart v. State Farm Fire & Cas. Co.*, 910 F.3d 371, 374 (8th Cir. 2018) (quoting Fed. R. Civ. P. 23(b)(3)). In the settlement context, the district court "need not inquire whether the case, if tried, would present intractable management problems." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The Court finds that both the predominance and superiority requirements are likely met here.

"The 'predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Stuart*, 910 F.3d at 374–75 (quoting *Amchem Prod., Inc. v. Windsor*, 521 U.S. at 623). It is satisfied "if 'the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Id.* at 375 (quoting *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1045 (2016)). The Court finds predominance likely satisfied here, as the design of the Class Vehicles' engines, the likelihood of reduced oil viscosity and resulting premature wear, and Honda's knowledge of the design defect and its effects are all subject to common proof. These factual issues are central to all class members' claims. Accordingly, common issues of fact and law likely predominate. *See Pollard*, 320 F.R.D. at 207–08 (finding predominance inquiry satisfied where "each class member would have to demonstrate the same defect to prove liability").

"The superiority requirement asks whether the class action is the best available method for resolving the controversy." *Cullan & Cullan LLC v. M-Qube, Inc.*, No. 8:13CV172, 2016 WL 5394684, at *6 (D. Neb. Sept. 27, 2016). Here, the values of the individual proposed settlement class members' claims are so small that there is minimal incentive for any individual member of the proposed settlement class to pursue her claim in federal court. The Court is not aware of any other means by which a member of the proposed settlement class might seek redress. In these circumstances, class action is likely the best method for resolving the controversy. *See Swinton*, 2019 WL 617791, at *13.

### C. The agreed-upon notice plan satisfies the requirements of Rule 23.

For the reasons discussed above, the Court will likely be able to approve the proposed settlement and certify the class. The Court must therefore "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Because this is a proposed Rule 23(b)(3) settlement class, the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). That notice must also contain certain information in "plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B).

The Court is satisfied that the notice plan that the parties have agreed to implement is reasonable and satisfies the requirements of Rule 23. The Settlement Agreement provides that Honda will mail the form attached as Exhibit B to the Settlement Agreement (the "Notice") as well as the form attached as Exhibit C to the Settlement Agreement (the "Claim Form") to persons identified as current and former owners of Class Vehicles. (*See* Settlement Agreement ¶ 4.2.) Honda will also create and maintain a website that contains these documents, as well as other documents related to the settlement, and make them available for download. (*See id.* ¶¶ 3.12, 4.2.) This method of distributing notice is consistent with notice plans that have been approved in similar cases. *See, e.g.*, *Sanchez Knutson v. Ford Motor Co.*, 14-CV-61344-WPD, ECF No. 434 ¶ 11 (S.D. Fla. Nov. 21, 2016). The Notice also clearly describes this litigation, proposed class

members' legal rights, the settlement terms, and the claims processing procedure, and otherwise complies with the requirements of Rule 23(c)(2)(B). In addition, in response to questioning by the Court at the hearing, counsel sufficiently explained that in its experience litigating these types of cases, mailing forms is the best way to reach class members. This is so because vehicle owners and lessees are required to register the vehicles in their home states, and Honda can obtain the registration database information.

Because the notice plan and Notice are reasonable and constitute "the best notice that is practicable under the circumstances," the Court directs their use.

D.      **In Summary**

This Court has read and considered the Settlement Agreement, including the Notice annexed as Exhibit B and the Claim Form annexed as Exhibit C, has considered the submissions filed in support of the Motion, as well as the pleadings and other papers filed in the Litigation, and has heard the statements and presentations of counsel at the hearing on the Motion. The Court finds that there is sufficient basis for: (1) granting preliminary approval of the Settlement Agreement; (2) preliminarily certifying a class for settlement purposes; (3) appointing Named Plaintiffs as "Settlement Class Representatives" and their counsel Matthew D. Schelkopf of Sauder Schelkopf as Lead Counsel; Matthew Mendelsohn of Mazie Slater Katz & Freeman, LLC as Chair of the Executive Committee; Nicholas Migliaccio and Jason Rathod of Migliaccio & Rathod LLP to the Executive Committee; and Daniel Hedlund of Gustafson Gluek PLLC as Liaison

Counsel; (4) directing that the Notice be disseminated to the Settlement Class Members using the method described in the Settlement Agreement; and (5) setting a Final Approval Hearing at which the Court will consider whether to grant final approval of the proposed settlement and Settlement Agreement.

Based on the foregoing and on all the files, records, and proceedings herein, the Motion is GRANTED. Accordingly, IT IS HEREBY ORDERED THAT:

1.      The Court preliminarily certifies, for settlement purposes only, the following Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All current and former owners or lessees of MY 2017-18 Honda CR-Vs with the 1.5 liter turbocharged engine or MY 2016-18 Honda Civics equipped with the 1.5 liter turbocharged engine, who reside in, and who purchased or leased their vehicles (other than for purposes of resale or distribution) in the United States, Puerto Rico, and all United States territories.

The Settlement Class also includes all United States military personnel who purchased a Settlement Class Vehicle during military duty. Excluded from the stipulated Settlement Class are: (1) Honda; (2) any affiliate, parent, or subsidiary of Honda; (3) any entity in which Honda has a controlling interest; (4) any officer, director, or employee of Honda; (5) any successor or assign of Honda; (6) any Judge to whom the Litigation is assigned; (7) anyone who purchased a Settlement Class Vehicle for the purpose of resale; and (8) any owners or lessees of Settlement Class Vehicles that were not distributed for sale or lease in the United States.

2.     The preliminary certification of the Settlement Class and the Litigation as a class action is for settlement purposes only and shall be terminated and without further force or effect and without prejudice to either party in connection with any future proceedings in the Litigation, including any future motion with respect to class certification, if: (1) the Court fails to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified; or (2) the Final Approval Order and Judgment is not entered by the Court or is reversed or modified on appeal or otherwise fails for any reason.

3.     For settlement purposes only, the Court appoints Troy Fath, Higinio Bautista, and Christopher Hamilton as Settlement Class Representatives and their counsel, Matthew D. Schelkopf of Sauder Schelkopf as Lead Counsel; Matthew Mendelsohn of Mazie Slater Katz & Freeman, LLC as Chair of the Executive Committee; Nicholas Migliaccio and Jason Rathod of Migliaccio & Rathod LLP to the Executive Committee; and Daniel Hedlund of Gustafson Gluek PLLC as Liaison Counsel pursuant to Rule 23(g)(1). The Court finds that the Settlement Class Representatives and their counsel have thus far adequately represented the interests of the Settlement Class.

4.     The Court preliminarily approves the settlement and Settlement Agreement as sufficiently fair, reasonable, and adequate to warrant dissemination of Notice of the proposed settlement to the Settlement Class, the posting of the Notice on the Website, and the scheduling of a formal Final Approval Hearing.

5.     The Court further finds that the Settlement Agreement contains no obvious deficiencies and that the parties entered into the settlement in good faith, following arm's length negotiation between their respective counsels.

6.     Solely for the purpose of implementing this Settlement Agreement and effectuating the settlement, the Parties stipulate that Honda shall be appointed as Settlement Administrator.

7.     The Settlement Administrator will administer this settlement in accordance with the Settlement Agreement and the notice plan therein, and this Order, and Honda will bear all costs and expenses related to the administration of this settlement.

8.     The Settlement Administrator shall be responsible for providing notice to the Settlement Class in accordance with the notice plan set forth in the Settlement Agreement and this Order, and shall assist with various administrative tasks, including, without limitation: (1) mailing or arranging for the mailing by first-class mail, postage prepaid of the Notice and Claim Form from the information compiled from the Class List to each Settlement Class Member on the Class List; (2) the creation and maintenance of the Website; (3) developing processes and procedures for handling returned mail and deficient Claim Forms; (4) providing to Class Counsel and Honda Counsel within ten (10) business days of receipt copies of notices of intention to appear at the Final Approval Hearing and requests for exclusion from the Settlement Class; (5) preparing an Opt-Out

list of the Settlement Class Members requesting exclusion and submitting an affidavit to the Court before the Final Approval Hearing attesting to the accuracy of that list;

(6) preparing a list of all persons who submitted objections to the settlement and submitting an affidavit to the Court attesting to the accuracy of that list; (7) maintaining an address to which Settlement Class Members can send requests for exclusion, objections, Claim Forms and other correspondence; and, (8) processing Claim Forms submitted.

9.      The Court hereby approves the form of the Notice, without material alteration from Exhibit B annexed to the Settlement Agreement, and the procedure for disseminating Notice to the proposed Settlement Class as set forth in the notice plan described in the Settlement Agreement. The Court finds that the Notice and Notice posted on the Website inform the Settlement Class Members of the material terms of the Settlement Agreement and their rights and responsibilities in connection with the settlement, and further finds that the Notice and Notice posted on the Website: (1) is the best practicable notice; (2) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation and of their right to object or to exclude themselves from the proposed settlement; (3) is reasonable, and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of Due Process and applicable law.

10.     Pursuant to Rule 23(c)(2)(B) and Rule 23(e), the Court orders that the Settlement Administrator mail the Notice via postage prepaid first class U.S. mail to the persons on the Class List, and that such mailing be completed no later than March 13, 2020. The Notice shall be accompanied by a Claim Form that does not materially differ from the form annexed as Exhibit B to the Settlement Agreement. Defendants will be permitted to now obtain from R.L. Polk & Co. (n/k/a IHS Markit), or a similar entity, the most currently available names and addresses of all current and former owners and lessees of Settlement Class Vehicles in order to begin developing the Class List so as to provide prompt Notice to Class Members after Preliminary Approval of the Settlement.

11.     The Court further orders the posting of the Notice and Claim Form on the Website within fourteen (14) days of the entry of this Order. The Court further orders the Settlement Administrator to file with the Court proof of mailing of the Notice and publication of both the Notice and Claim Form on the Website at or before the Final Approval Hearing.

12.     The Court orders each Settlement Class Member who has not submitted a timely request for exclusion from the Settlement Class and who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or the proposed settlement or to the Class Counsel Fees and Expenses Award to: (1) file any objection via the Court's electronic filing system (if represented by counsel), or mail to the Settlement Administrator, and serve upon Class Counsel and Honda's Counsel at the addresses

listed on the Notice, (2) postmarked no later than forty-five (45) days after the Notice Date, (3) a statement of the objection signed by the Settlement Class Member and containing all of the following information:

        a.      the objector's full name, current address and telephone number;

        b.      the date of acquisition and Vehicle Identification Number for his, her or its Settlement Class Vehicle.

        c.      that the objector has reviewed the Settlement Class definition and understands that he, she or it is a Settlement Class Member.

        d.      a written statement of all grounds for the objection accompanied by any legal support for such objections.

        e.      copies of any papers, briefs or other documents upon which the objection is based; and

        f.      a statement of whether the objector intends to appear at the Final Approval Hearing.

13.      In addition, any Settlement Class Member objecting to the settlement shall provide a list of all other objections submitted by the objector and/or by the objector's counsel, to any class action settlements submitted in any state or federal court in the United States in the previous five (5) years. If the Settlement Class Member or his, her or its counsel has not objected to any other class action settlement in the previous five years, he, she or it shall affirmatively so state in the objection.

14.     No later than fourteen (14) days after the deadline for submission of objections, the Settlement Administrator will submit to the Court all objections it received from Settlement Class Members.

15.     Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice (as applicable), will be deemed to have waived any objections to the settlement, and shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise, subject to the discretion of the Court.

16.     The submission of an objection shall allow Class Counsel or Honda's Counsel to take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection. Failure by an objector to make himself or herself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

17.     Settlement Class Members may exclude themselves from the settlement (i.e., "Opt-Out"), relinquishing their rights to any benefits under the Settlement

Agreement. A Settlement Class Member wishing to exclude himself, herself or itself must send the Settlement Administrator a letter postmarked no later than forty-five (45) days after the Notice Date, containing: (1) the Settlement Class Member's name, current address, and telephone number; (2) the approximate date of acquisition and VIN for his, her or its Settlement Class Vehicle; and (3) a clear statement communicating that he, she or it elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member and elects to be excluded from any judgment entered pursuant to the settlement.

18. Any request for exclusion must be postmarked on or before the deadline provided in the Notice. Any member of the Settlement Class who does not submit a timely, written Opt- Out from the Settlement Class in accordance with the requirements set forth in the Notice will be bound by all proceedings, orders, and judgments in the Litigation, even if such member of the Settlement Class has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release and the Released Claims, as defined in the Settlement Agreement.

19. Not later than fourteen (14) days after the deadline for submission of requests for exclusion, the Settlement Administrator shall provide the Court, Class Counsel and Honda's Counsel a list identifying each Settlement Class Member who submitted an exclusion request together with copies of the exclusion requests and with a declaration attesting to the completeness and accuracy thereof.

20.     The Court hereby enjoins Settlement Class Members (and anyone who purports to act on the behalf of any Settlement Class Member) unless and until they have timely excluded themselves from the Settlement Class as set forth in the Notice: (1) from filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (2) from filing, commencing or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (3) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.

21.     The Court hereby directs the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion, objections, notices of intention to appear and any other communications.

22. The Court hereby approves the Claim Form, which is annexed as Exhibit C to the Settlement Agreement.

23. Based on its review of the record, the Court finds that Honda filed proof of timely mailing of notices required pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b). The Court therefore finds that Honda fully complied with the requirements of 28 U.S.C. § 1715(b) and served notice of the proposed settlement upon the appropriate federal official and appropriate state official of each state in which a Settlement Class Member resides and the information required to be provided pursuant to that statute. Honda shall file any additional documents required by the statute (as applicable), evidencing continued compliance with CAFA in advance of the Final Approval Hearing.

24. The parties shall file any memoranda or other materials in support of final approval of the Settlement Agreement and motion for entry of the Final Approval Order and Judgment, including response to any timely and properly filed objection to the Settlement Agreement, no later than 21 days prior to the Final Approval Hearing. Honda may file its response, if any, no later than 14 days prior to the Final Approval Hearing. Such materials shall be served on Class Counsel, Honda's Counsel, and on any Settlement Class Member (or his, her or its counsel, if represented) to whose objection to the Settlement Agreement the memoranda or other materials respond.

25.     Class Counsel may apply to the Court for the Class Counsel Fees and Expenses Award at the same time that it files its motion in support of the Final Approval Order and Judgment. Class Counsel agree not to seek from the Court or to accept a Class Counsel Fees and Expenses Award in excess of eight hundred and fifty thousand dollars and no cents ($850,000.00), and Honda agrees not to contest an award of that sum.

26.     Class Counsel may also petition the Court for incentive awards of up to $3,000 per Named Plaintiff. The purpose of such awards shall be to compensate the Named Plaintiffs for efforts undertaken by them on behalf of the Settlement Class Members.

27.     A hearing (the "Final Approval Hearing") shall be held before this Court on July 31, 2020, at 10:00 a.m., at which the Court will determine: (1) whether the proposed settlement is fair, reasonable and adequate and should finally be approved by the Court; (2) whether to issue a Final Approval Order and Judgment without material alteration from Exhibit B to the Settlement Agreement; and (3) whether to approve any application for a Class Counsel Fees and Expenses Award, and/or an Incentive Award. The Final Approval Hearing shall be held at the United States District Court, District of Minnesota, St. Paul Federal Courthouse, 316 North Robert Street, St. Paul, Minnesota, in Courtroom 3A.

28.     The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, and to approve the

settlement with modifications, if any, consented to by the Class Counsel and Honda's Counsel without further notice.

29.     Pending final determination of the application for approval of this Settlement Agreement, all proceedings in this Litigation other than settlement approval proceedings shall be stayed.

**IT IS SO ORDERED**.


Dated: December 13, 2019                    BY THE COURT:

                                            s/Nancy E. Brasel
                                            Nancy E. Brasel
                                            United States District Judge