# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| TROY FATH, HIGINIO BAUTISTA, and CHRISTOPHER HAMILTON, individually and on behalf of others similarly situated, | Case No. 18-CV-1549 (NEB/LIB) |
| Plaintiffs, | AMENDED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES |
| v. | |
| AMERICAN HONDA MOTOR CO., INC., | |
| Defendant. | |

This matter came before the Court on Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 139) and Plaintiffs' Unopposed Motion for Class Counsel Fees and Expenses Award and Named Plaintiffs' Service Awards (ECF No. 130). Troy Fath, Higinio Bautista, and Christopher Hamilton (collectively, the "Named Plaintiffs") have sued American Honda Motor Co., Inc. ("Honda") on behalf of a putative class in the above-captioned litigation (the "Litigation"). The Named Plaintiffs seek an order granting final approval of the Class Action Settlement Agreement and Release dated July 22, 2019, and its attached exhibits (ECF No. 75-1 (collectively, the "Settlement Agreement")),[1] certifying a class for settlement purposes only, and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

dismissing the case with prejudice. They also seek an order granting their requested attorneys' fees, expenses, and service awards. For the reasons set forth below, the motions are granted.

## BACKGROUND

In November 2018, the Court ordered the consolidation of two putative class actions alleging a latent fuel dilution defect in the engines of certain Honda vehicles. (ECF No. 42.) On December 13, 2019, the Court entered an order: (1) granting preliminary approval of the Settlement Agreement; (2) preliminarily certifying a class for settlement purposes; (3) appointing the Named Plaintiffs as "Settlement Class Representatives" and their counsel Matthew D. Schelkopf of Sauder Schelkopf as Lead Counsel, Matthew Mendelsohn of Mazie Slater Katz & Freeman, LLC as Chair of the Executive Committee, Nicholas Migliaccio and Jason Rathod of Migliaccio & Rathod LLP to the Executive Committee, and Daniel Hedlund of Gustafson Gluek PLLC as Liaison Counsel; (4) directing that the Notice be disseminated to the Settlement Class Members using the method described in the Settlement Agreement; and (5) setting a Final Approval Hearing. (ECF No. 84 (the "Preliminary Approval Order").) The full factual background of this matter as set out in the Preliminary Approval Order, including its description the Settlement Agreement, is incorporated by reference.

After Honda, as Settlement Administrator, disseminated Notice and posted Notice on the settlement website, Settlement Class Members had the opportunity to submit

timely requests to be excluded from the Settlement Class or object to the Settlement Agreement (including the Class Counsel Fees and Expenses Award and the Named Plaintiffs' Incentive Award). Honda received a total of fifty-five (55) objections and two hundred and ninety-eight (298) requests for exclusion. Two of those objections discussed Class Counsel's fee request.

The Court held the Final Approval Hearing, at which time it also heard argument on the Named Plaintiffs' Unopposed Motion for Class Counsel Fees and Expenses Award and Named Plaintiffs' Service Awards, on July 31, 2020. (ECF No. 147.) No Settlement Class Member appeared at that hearing.

## DISCUSSION

### I.    Named Plaintiffs' Motion for Final Approval of the Settlement Agreement

Rule 23(e)(2) of the Federal Rules of Civil Procedure provides the circumstances in which a court may prove a proposed class action settlement that "would bind class members." Fed. R. Civ. P. 23(e)(2). And so, courts must consider: (1) whether "class representatives and class counsel have adequately represented the class," Fed. R. Civ. P. 23(e)(2)(A); (2) whether "the proposal was negotiated at arm's length," Fed. R. Civ. P. 23(e)(2)(B); (3) whether "the relief provided for the class is adequate," taking certain specified considerations into account, Fed. R. Civ. P. 23(e)(2)(C); and (4) whether "the proposal treats class members equitably relative to each other," Fed. R. Civ. P. 23(e)(2)(D). The Eighth Circuit has set forth its own largely overlapping test to ascertain the fairness

and adequacy of a proposed settlement. *See Swinton v. SquareTrade*, Inc., No. 418CV00144SMRSBJ, 2020 WL 1862470, at *5 (S.D. Iowa Apr. 14, 2020). In particular, Eighth Circuit courts consider: "the merits of the plaintiff's case, weighed against the terms of the settlement; the defendant's financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement." *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).

In its Preliminary Approval Order, the Court held that the proposed class action settlement likely satisfied the requirements of Rule 23(e)(2) and the Eighth Circuit's four-factor test. (Preliminary Approval Order at 5–10.) Having heard oral argument and having fully considered the Settlement Agreement and all submissions made in connection with it (including the objections of class members and the Named Plaintiffs' responses to their criticisms), the Court now concludes that the proposed settlement indeed satisfies the requirements of Rule 23(e)(2) and the Eighth Circuit.

To reach this determination, the Court has carefully considered the fifty-five (55) objections that have been filed on its docket or sent to Honda (as Settlement Administrator) as well as the fact that two hundred and ninety-eight (298) class members have requested to be excluded. At the time the Court ruled on the Named Plaintiffs' preliminary request for approval of the settlement, it had no occasion to consider the amount of opposition to the Settlement Agreement or to rule on any objections raised to its terms. (Preliminary Approval Order at 10.)

As to the quantitative amount of opposition, the Court notes that the number of objections filed (55) and the number of class members who opted out of the settlement (298) is low when compared to the number of class members who received notice of the settlement. In addition to making the terms of the settlement available on a website, Honda "caused to be mailed a total of 1,111,104 notices" to addresses identified according to the procedures described in the Settlement Agreement. (ECF No. 146 ¶ 4.) The objections and opt-outs constitute roughly 0.0318% of those who were mailed notice of the settlement. Quantitatively, this represents an insignificant amount of opposition to the Settlement Agreement. *E.g., Marshall v. Nat'l Football League*, 787 F.3d 502, 513 (8th Cir. 2015) (holding this factor favored approval of settlement where "only one-tenth of one percent of the class objected, and less than ten percent of the class ha[d] requested exclusion from the settlement." (citation omitted)).

As to the substance of the objections, the vast majority criticize that the Settlement Agreement makes the Product Update available only to Class Vehicles registered in the twenty-one (21) designated cold-weather states and/or that the Settlement Agreement only extends Honda's Powertrain Limited Warranty for an additional year. At bottom, these objections complain that the Settlement Agreement does not offer enough to class members in exchange for the release of their claims against Honda. Certain other objections also protest that the Settlement Agreement does not provide enough to class members and specifically request, among other things, reimbursement for the cost of

future oil changes, a new vehicle or engine at Honda's expense, or reimbursement for the diminished value of their vehicles.

In response to these objections, the Named Plaintiffs correctly argue that "a settlement is a product of compromise and the fact that a settlement provides only a portion of the potential recovery does not make such settlement unfair, unreasonable or inadequate." *Keil v. Lopez*, 862 F.3d 685, 696 (8th Cir. 2017) (citation omitted); *see also In re UnitedHealth Grp. Inc. PSLRA Litig.*, 643 F. Supp. 2d 1094, 1099 (D. Minn. 2009) (determining proposed settlement was fair and adequate even though "one or more defendants could possibly pay more" than the settlement amount). Indeed, Honda represented at the Final Approval Hearing that accommodating the objectors' demands would cause Honda to reevaluate the benefits of settling as compared with pursuing this litigation. As noted in its Preliminary Approval Order, it is the Court's view that the risks of proceeding to trial are substantial. That the Settlement Agreement offers less than the objectors would like to receive does not render the proposed settlement unfair or otherwise inadequate.[2] In sum, the Court concludes that the proposed settlement satisfies the requirements of Rule 23(e)(2) and the Eighth Circuit's four-factor test.

---

[2] The remaining objections similarly provide no basis for the Court to reassess its determination that the Settlement Agreement satisfies Rule 23(e)(2) and the Eighth Circuit's four-factor test. Among other things, they fault the Settlement Agreement for not remedying issues unrelated to the alleged oil dilution defect (*e.g.*, ECF No. 126-2 at 33 (complaining of electrical issues)), protest that because Honda began offering the additional year of Powertrain Limited Warranty prior to final approval the Settlement Agreement does not offer anything to the class members in exchange for the release of

## II.    Named Plaintiffs' Motion for Class Counsel Fees and Expenses Award and Named Plaintiffs' Service Awards

### A.    Attorneys' Fees and Expenses

Rule 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). As a general matter, to assess the reasonableness of the requested attorneys' fees, courts use either the "lodestar" method or the "percentage of the benefit" approach. *See Caligiuri v. Symantec Corp.*, 855 F.3d 860, 865 (8th Cir. 2017). The "percentage of the benefit" approach "permits an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation." *Id.* (citing *Johnston v. Comerica Mortg. Corp.*,

---

their claims (*e.g.*, *id.* at 27–28), and claim that Honda's Product Update did not sufficiently remedy the alleged dilution defect (*e.g.*, *id.* at 78, ECF No. 118). First, the Released Claims are defined to include claims "relating to or arising out of the alleged ODC issue" specifically, and so class members can still presumably pursue litigation against Honda for unrelated issues. (Settlement Agreement ¶ 1.19.) Second, the Settlement Agreement does not confer less value to class members simply because, in anticipation of final approval, the Named Plaintiffs and Honda agreed the additional year of Powertrain Limited Warranty would be made available prior to securing final court approval. In particular, Class Counsel represented that they sought to make relief available to class members before winter, when the parties believe the oil dilution defect is most likely to manifest. Third, Class Counsel has represented that Honda and one of the two objectors who complained about the Product Update are in the process of investigating his complaints and emphasized that the fact that only two objectors have complained of the Product Update indicates its overall success. The Court is thus disinclined to reassess its determination of the value of the Product Update relief.

83 F.3d 241, 244 (8th Cir. 1996)). There is no such common fund here, so the Court will apply the "lodestar" method to analyze Class Counsel's request for attorneys' fees.

The so-called "lodestar" method "multiplies the number of hours reasonably expended by reasonable hourly rates." *Bryant v. Jeffrey Sand Co.*, 919 F.3d 520, 529 (8th Cir. 2019). This figure may then be adjusted up or down to reflect the specific characteristics of a given action. *Johnston*, 83 F.3d at 244 (noting the lodestar amount "can be adjusted, up or down, to reflect the individualized characteristics of a given action").. Under Eighth Circuit precedent, the ultimate reasonableness of the award is evaluated according to the factors the district court finds relevant from among those listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir 1974). *In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 977 (8th Cir. 2018).[3]

Class Counsel request $850,000 to cover attorneys' fees and unreimbursed expenses. The $850,000 requested here is consistent with the Settlement Agreement,

---

[3] Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*In re Target Corp.*, 892 F.3d at 977 & n.7 (citations omitted).

which provides that Class Counsel will request no more than $850,000 for fees and expenses. (Settlement Agreement ¶ 5.3.) According to Class Counsel's submissions, they worked approximately 1,038 hours to litigate this matter thus far. (ECF No. 133 ("Schelkopf Decl.") ¶ 5 (430.3 hours); ECF No. 134 ("Mendelsohn Decl.") ¶ 10 (264 hours); ECF No. 135 ("Migliaccio Decl.") ¶ 6 (196.8 hours); ECF No. 136 ("Hedlund Decl.") ¶ 6 (192.25 hours).) Class Counsel represent that, among other things, these hours include time spent on reviewing discovery from Honda and conducting their own independent factual investigation into the oil dilution defect. (*See, e.g.*, Schelkopf Decl. ¶ 11; Migliaccio Decl. ¶ 8; Hedlund Decl. ¶ 11.) Class Counsel represent that they billed their time at the current rates charged to their clients, resulting in a combined lodestar of $658,561.35. (Schelkopf Decl. ¶ 5 ($260,585.00); Mendelsohn Decl. ¶ 11 ($159,830.50); Migliaccio Decl. ¶ 6 ($131,664.60); Hedlund Decl. ¶ 6 ($106,481.25).) Hourly rates for the attorneys and paralegals involved ranged from $300 to $950 and $150 to $203, respectively. (Schelkopf Decl. ¶ 5; Mendelsohn Decl. ¶ 11; Migliaccio Decl. ¶ 6; Hedlund Decl. ¶ 6.) The lodestar multiplier based on the requested amount for attorneys' fees and expenses is 1.29.

When assessed in light of the relevant factors, the Court concludes that the request of $850,000 for attorneys' fees and expenses is reasonable. First, the time and labor spent on this case—which included work on discovery and independent investigation into the oil dilution defect—supports the fee request. Second, as noted above, consumer class actions such as this one raise complex legal issues that are contested across the nation and

in the Eighth Circuit. Third, the skill with which the Class Counsel performed here supports their fee request, as they efficiently brought this case to a fair, reasonable, and adequate resolution. Fourth, as the Court noted above, the benefit obtained for class members is commensurate with the value and risk of the Released Claims. Finally, comparison with other cases shows that the lodestar multiplier of 1.29 here is lower than the multipliers approved in many other cases in the Eighth Circuit. *See, e.g., In re Xcel Energy, Inc., Sec., Derivative & ERISA Litig.*, 364 F. Supp. 2d 980, 999 (D. Minn. 2005) (approving fees with a multiplier of 4.7 in securities class action); *In re St. Paul Travelers Sec. Litig.*, No. 04-CV-3801 (JRT/FLN), 2006 WL 1116118, at *1 (D. Minn. Apr. 25, 2006) (approving fees with a multiplier of 3.9 in a securities class action). In sum, in the Court's view, the request of $850,000 for attorneys' fees and expenses is reasonable.

The two objections that raise concerns about Class Counsel's request do not compel a different conclusion. (ECF No. 113 at 4; ECF No. 126-2 at 36.) Both reflect general concerns about the attorney fees. As noted above, the benefit to the class members under the Settlement Agreement appears commensurate to the value and risk of the surrendered claims.

As to the expenses Class Counsel seek to have reimbursed, these, too, will be paid out of the $850,000. (*See* ECF No. 132 at 22 (representing to the Court that "[t]he requested expenses will be paid from the total $850,000 fee and expense request").) Specifically, Class Counsel assert that they have incurred $6,321.64 in unreimbursed expenses.

(Schelkopf Decl. ¶ 14 ($2,743.54); Mendelsohn Decl. ¶ 15 ($965.20); Migliaccio Decl. ¶ 12 ($595.25); Hedlund Decl.¶ 14 ($2,017.65).) The Court does not find it unreasonable for these costs to be reimbursed from the $850,000 requested by counsel.

**B.    *Named Plaintiffs' Service Awards***

Considerations relevant to deciding whether service awards are warranted include "(1) actions the plaintiffs took to protect the class's interests, (2) the degree to which the class has benefitted from those actions, and (3) the amount of time and effort the plaintiffs expended in pursuing litigation." *Caligiuri*, 855 F.3d at 867. The Named Plaintiffs request service awards of $3,000 each. Their briefing asserts that "[t]hey participated in numerous conferences and meetings with their attorneys, searched for and produced documents to their attorneys that were relevant to their claims in the litigation, and stayed abreast of significant developments in the case." (ECF No. 132 at 23.) Under these circumstances, the Court approves the incentive award of $3,000 to each Named Plaintiff.

**III.    In Summary**

This matter having been brought before the Court on the motion of the Named Plaintiffs, through their attorneys, the Court having fully considered the terms of the Settlement Agreement and all submissions made in connection with it, finds that the Settlement Agreement and the settlement should be finally approved as fair, reasonable and adequate and the Litigation dismissed with prejudice as to all Settlement Class

Members who have not excluded themselves from the Settlement Class, and without prejudice as to all persons who timely and validly excluded themselves from the Settlement Class as set forth on the list of Opt Outs, and further finds the Released Claims are subject to the Release in accordance with Rule 54 of the Federal Rules of Civil Procedure and applicable laws.

The Court hereby makes the following findings of fact and conclusions of law:

1.    The Court finds it has personal jurisdiction over the Named Plaintiffs and all members of the Settlement Class and has subject matter jurisdiction to approve the settlement and Settlement Agreement and all Exhibits thereto.

2.    The Court finds this order is being entered more than ninety (90) days after Honda provided notice of the proposed settlement to the Attorney General of the United States and the attorneys general of the States as required by 28 U.S.C. § 1715(b), complying fully with 28 U.S.C. § 1715(d).

3.    The Court finds that the manner of dissemination and content of the Notice as specified in detail in the Settlement Agreement: (i) constituted the best notice practicable; (ii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed settlement, of their right to appear at the Final Approval Hearing and of their right to seek monetary and other relief; (iii) constituted reasonable, due, adequate and sufficient notice to all persons entitled to

receive notice, and (iv) satisfied the requirements of due process and applicable law. Full and fair opportunity has been afforded to the members of the Settlement Class to be heard at and to participate in the Final Approval Hearing.

4.      The Court finds the settlement set forth in the Settlement Agreement is fair, reasonable, and adequate as to each of the Parties and as it applies to the Settlement Class, and in compliance with all requirements of due process and applicable law, as to and in the best interests of each of the Parties and members of the Settlement Class, and directs consummation of all of its terms and provisions, and any timely and valid objections thereto are hereby overruled.

5.      With respect to the Settlement Class, the Court finds and concludes, for settlement purposes only, that: (i) the Settlement Class Members are so numerous as to make joinder impracticable; (ii) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (iii) the Named Plaintiffs' claims and the defenses thereto are typical of the claims of Settlement Class Members and the defenses thereto; (iv) the Named Plaintiffs and their counsel can protect and have fairly and adequately protected the interests of the Settlement Class Members in the Litigation; and (v) a class action is superior to all other available methods for fairly and efficiently resolving the Litigation and provides substantial benefits to the Settlement Class Members and the Court. The Court therefore determines that this action satisfies the prerequisites for class

certification for settlement purposes pursuant to Rule 23 of the Federal Rules of Civil Procedure.

6.  The Court further finds that the Settlement Agreement is supported by the vast majority of the members of the Settlement Class. As of the last date by which requests for exclusion were to be postmarked in accordance with the terms of the Preliminary Approval Order, the Settlement Class Members who have opted out of the Settlement Class and any objections submitted are relatively few when compared to the total number of members of the Settlement Class. The terms of this Final Order and Judgment and the Settlement Agreement do not apply to the Opt-Outs or to any other persons the Parties agree in writing submitted timely and valid requests for exclusion, unless such Opt-Outs or persons elect to claim the benefits set forth in the Settlement Agreement, thereby choosing to rescind their requests for exclusion from the Settlement Class.

7.  The Court finds that the Settlement Agreement and the settlement provided for therein and any proceeding taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability, a defect, or of any misrepresentation or omission in any statement or written document approved or made by Honda or any Releasee of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to the Settlement Agreement and the settlement provided for therein in such proceedings as may be necessary to effectuate the settlement.

8.    The Court finds that the Parties and the Settlement Administrator have fully complied with their respective obligations as set forth in the Preliminary Approval Order.

Based upon the foregoing findings of fact and conclusions of law, which are based upon and supported by the substantial evidence presented by the Parties hereto and members of the Settlement Class, all of which the Court has considered and is in the record before the Court, IT IS HEREBY ORDERED as follows:

9.    The preliminary certification of the Settlement Class in the Preliminary Approval Order is hereby confirmed and made final for purposes of the Settlement Agreement as approved by this Final Order and Judgment. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for settlement purposes only, a Settlement Class defined as follows:

> All current and former owners or lessees of MY 2017–18 Honda CR-Vs, or MY 2016–18 Honda Civics equipped with the 1.5 liter turbocharged engine, who reside in, and who purchased or leased their vehicles in the United States (other than for purposes of resale or distribution) in, the United States, Puerto Rico, and all United States territories.

10.    The Settlement Class also includes all United States military personnel who purchased a Settlement Class Vehicle during military duty. Specifically excluded from the Settlement Class are the following persons: (1) Honda; (2) any affiliate, parent, or subsidiary of Honda; (3) any entity in which Honda has a controlling interest; (4) any officer, director, or employee of Honda; (5) any successor or assign of Honda; (6) any

Judge to whom the Litigation is assigned; (7) anyone who purchased a Settlement Class Vehicle for the purpose of resale; and (8) any owners or lessees of Settlement Class Vehicles that were not distributed for sale or lease in the United States; and (9) all persons who have timely elected to opt out of or exclude themselves from the Settlement Class in accordance with this Court's Orders.

11.    The Settlement Class shall include all original purchasers and lessees as well as subsequent purchasers and lessees who purchased or leased a Class Vehicle on or before the date of entry of the Preliminary Approval Order.

12.    The proposed method for providing relief to Settlement Class Members, as set forth in the Settlement Agreement, is finally approved as fair, reasonable, adequate, just, and in the best interests of the Settlement Class, and the Parties are hereby ordered to provide and comply with the relief described in the Settlement Agreement in accordance with its terms. For settlement purposes only, the Court confirms its appointment of Honda as Settlement Administrator, and finds the Settlement Administrator has fully discharged its duties as set forth in the Settlement Agreement.

13.    The Court confirms its appointment of Class Counsel, for settlement purposes only, of: (1) Sauder Schelkopf LLC; (2) Mazie Slater Katz & Freeman, LLC; (3) Gustafson Gluek PLLC; and (4) Migliaccio and Rathod LLP and finds Class Counsel adequately represents the Settlement Class for purposes of entering into and implementing the settlement and Settlement Agreement.

16

14.     The Court confirms its appointment of Named Plaintiffs Troy Fath, Higinio Bautista, and Christopher Hamilton, for settlement purposes only, and finds Named Plaintiffs adequately represents the Settlement Class for purposes of entering into and implementing the settlement and Settlement Agreement.

15.     The Court awards a Named Plaintiffs' Incentive Award of $3,000 to each Named Plaintiff and a Class Counsel Fees and Expenses Award in the amount of $850,000 to Class Counsel. These amounts shall be paid and distributed in accordance with the provisions of the Settlement Agreement.

16.     The motion for final approval of all the terms set forth in the Settlement Agreement is GRANTED, and the Court hereby overrules all objections, as either untimely, not in accordance with the Court's previous order, or on their merits, and directs consummation of all of its terms and provisions.

17.     The Court approves the list of Opt-Outs attached hereto as Exhibit 1 and determines that Exhibit 1 is a complete list of all Settlement Class Members who timely have requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, subject to the terms of the Settlement Agreement.

18.     The Court adjudges that the Named Plaintiffs and Settlement Class Members have conclusively compromised, settled, dismissed, and released any and all claims against Honda and the Releasees.

19.    The Court declares that the Settlement Agreement and this Final Order and Judgment to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release and the Released Claims maintained by or on behalf of the Named Plaintiffs and all other Settlement Class Members, as well as their successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs.

20.    By operation of this Final Order and the Judgment entered therewith, effective as of the Effective Date, and in consideration of the Settlement Agreement and the benefits extended to the Settlement Class, the Named Plaintiff, on behalf of himself and the Settlement Class Members, and each Settlement Class Member, on behalf of himself or herself or itself and his or her or its respective successors, assigns, past, present, and future parents, subsidiaries, joint venturers, partnerships, related companies, affiliates, unincorporated entities, divisions, groups, directors, officers, shareholders, employees, agents, representatives, servants, partners, executors, administrators, assigns, predecessors, successors, descendants, dependents, and heirs, do or by operation of this Final Order and Judgment are deemed to have fully released and forever discharged the Releasees from the Released Claims in accordance and consistent with the terms of the

Settlement Agreement, but not as to any obligations created or owed to them under the terms of the Settlement Agreement.

21.    The Court dismisses on the merits and with prejudice the Amended Consolidated Class Action Complaint in this Litigation without fees or costs except as provided in the Settlement Agreement. Upon the Effective Date, the Named Plaintiff and all members of the Settlement Class who have not been excluded from the settlement, whether or not they submit a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claim against Honda, and any such members of the Settlement Class shall have released any and all Released Claims against the Releasees.

22.    Effective as of the date of this Order, to the fullest extent permitted by law, the Court orders and enters a permanent injunction barring and enjoining the Settlement Class Members from: (i) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation or the Released Claims; and (ii) organizing Settlement Class Members who have not been excluded from the class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending

action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; the terms of the Release shall not apply to the Opt-Outs listed on Exhibit 1 hereto or to any other persons the Parties agree in writing submitted timely and valid requests for exclusion and should also be listed as Opt-Outs unless such persons elect to claim the benefits set forth in the Settlement Agreement thereby choosing to rescind their requests for exclusion from the Settlement Class.

23.     The Court hereby authorizes the Parties, without further approval from the Court, to adopt such amendments, modifications and expansions of the Settlement Agreement and all Exhibits hereto as: (i) shall be consistent in all material respects with this Final Order and Judgment; and (ii) do not limit the rights of the Parties or Settlement Class Members.

24.     If (i) the Effective Date does not occur for any reason whatsoever, or (ii) the Settlement Agreement becomes null and void pursuant to the terms of the Settlement Agreement, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

25.     Without affecting in any way the finality of the judgment entered under this Final Order and Judgment, this Court reserves continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members, and the execution,

consummation, administration and enforcement of the terms of the Settlement Agreement.

26.     The Court finds that there is no reason for delay and directs the Clerk to enter this Final Order and Judgment in accordance with the terms of this Final Order and Judgment as of the date of this Order.

IT IS SO ORDERED.

LET JUDGMENT BE ENTERED.


Dated: September 16, 2020                    BY THE COURT:

                                             s/Nancy E. Brasel
                                             Nancy E. Brasel
                                             United States District Judge